IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE CARR, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC., | : | |
| | : | No. 11-2050 |
| Defendant. | : | |

**M E M O R A N D U M**

GENE E.K. PRATTER                                                                  DECEMBER 20, 2011

**I.    INTRODUCTION**

Plaintiff Anne Carr brings this action against NCO Financial Systems, Inc. ("NCO") seeking a declaratory judgment, and damages, costs, and attorney's fees for NCO's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 et seq. Ms. Carr contends that NCO engaged in abusive and harassing collection conduct in violation of 15 U.S.C. § 1692d and § 1692d(5),[1] when it placed "constant[ ] and continuous[ ]" automatic collection calls to her "once every two, three, four, or five days" over a period of roughly 30 days beginning in December 2010. Compl. ¶¶ 18, 32. Ms. Carr identified nine (9) calls in her

---

[1] Ms. Carr also asserts a claim under 16 U.S.C. § 1692g for NCO's alleged failure to send her written notification within five (5) days after its initial communication with her, of her right either to dispute or request verification of her purported debt. However, NCO's Motion to Dismiss does not challenge the sufficiency of Ms. Carr's pleading with respect to that claim. Cf. Kimmel v. Cavalry Portfolio Servs., LLC, No. 10-680, 2011 WL 3204841, *4-5 (E.D. Pa. July 28, 2011) (permitting claim under § 1692g to proceed after granting summary judgment on all claims except § 1692g).

1

Complaint by date and time, and alleges on information and belief that NCO placed similar calls to her home telephone on other occasions.[2]  Compl. ¶¶ 19-28, 31.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), NCO filed a Motion to Dismiss Ms. Carr's Complaint for failure to state a claim under the FDCPA (Docket No. 3).  Specifically, NCO argues that nine (9) calls, as a matter of law, does not constitute harassing conduct under § 1692d and § 1692d(5).

For the reasons set forth below, the Court will deny NCO's Motion to Dismiss.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).  The question is, briefly stated, has the claimant presented a "plausible" claim for relief?  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).  The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011) (citations omitted); see also

---

[2]  At oral argument, Plaintiff's counsel represented to the Court that Ms. Carr is an elderly woman who received numerous other calls but only remembered to document the nine calls specifically pled in the Complaint.

Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1323 (2011).  Nonetheless, to survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (confirming that Twombly applies to all civil cases).

The Court "must only consider those facts alleged in the complaint and accept all of those allegations as true."  ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)").  Although the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party, Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989), the Court need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions."  Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

**III.   DISCUSSION**

Section 1692d of the FDCPA makes it unlawful for a debt collector to engage "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Subsection (5) of § 1692d prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation

repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

NCO argues that Ms. Carr's claims should be dismissed because "causing the phone to ring" without showing an "intent to annoy, abuse, or harass any person at the called number," is not a violation of the FDCPA. Specifically, NCO argues that neither the number nor the frequency of the calls alleged are sufficient for the Court to infer intent to annoy, abuse, or harass, and that therefore the plaintiff fails to state a claim for relief.[3]

Pursuant to § 1692d(5), Ms. Carr is only required to plead enough facts to show that it is plausible that NCO caused her telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. Courts have found that a high volume of calls alone may be sufficient to state a plausible claim that a debt collector engaged in harassing conduct. See, e.g., Valentine v. Brock & Scott, PLLC, No. 09-2555, 2010 WL 1727681, at *4 (D.S.C. Apr. 26, 2010) (holding the plaintiff stated a claim for relief under the FDCPA where she alleged the defendant made 11 calls in 19 days); Brown v. Hosto & Buchan, PLLC, 748 F. Supp. 2d 847, 852 (W.D. Tenn. 2010) (holding plaintiff stated claim for relief under the FDCPA where the defendant called her 17 times in a month and used an automatic telephone dialing system).

Indeed, "[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." Shand-Pistilli v. Prof'l Account Servs., Inc., No. 10-1808, 2010 WL 2978029, at *4 (E.D. Pa. July 26, 2010) (O'Neill, J.) (holding that

---

[3] NCO relies extensively on the definitions of "continuously" and "repeatedly" provided in the *FTC Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097-02, 50105 (Dec. 13, 1988). The Commentary defines "continuously" as "making a series of telephone calls, one right after the other," and defines "repeatedly" as "calling with excessive frequency under the circumstances." Id. The Court fails to see how these general definitions would dictate that nine calls does not constitute repeated or continuous telephone calls. Indeed, nine calls in thirty days could possibly constitute excessive frequency under these circumstances.

where a plaintiff alleged "continuous calls" to her home by a telephone number owned by defendant, and asked the defendant to stop calling her, the Court found the allegations factually sufficient to support a plausible claim for relief under § 1692d(5)); see also Stuart v. AR Res., Inc., No. 10-3520, 2011 WL 904167, at *3 (E.D. Pa. Mar. 16, 2011) (Buckwalter, J.) (holding allegations of repeated calls, profane language, and refusal to comply with requests to stop calling were sufficient to state a claim under § 1692d(5)); but see Sutton v. New Century Fin. Servs., No. 05-3125, 2006 WL 2038500, at *2 (D.N.J. July 19, 2006) (denying motion to amend complaint to include a claim under § 1692d(5) as futile because even if the defendant placed the "two alleged phone calls . . . over a two month period," the facts were insufficient to entitle the plaintiff to relief).

In support of its motion, NCO cites to numerous district court cases from outside of the Third Circuit holding that the plaintiffs failed to make out claims under the FDCPA where the defendant collection agencies made many more calls and at a much greater frequency than in the present case. However, as Ms. Carr correctly points out in her Response in Opposition to NCO's Motion to Dismiss (Docket No. 6), in all but one of NCO's inventory of cases, the various district courts decided the cases at the summary judgment stage of the litigation once the factual records of the cases had been established.[4]

Likewise, in the one case to which NCO cites decided on a motion to dismiss, McVey v. Bay Area Credit Serv., No. 10-359, 2010 WL 2927388 (N.D. Tex. Jul. 26, 2010), the plaintiffs

---

[4] See Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1229 (E.D. Cal. 2010); Jiminez v. Accounts Receivable Mgmt., No. 09-9070, 2010 WL 5829206, at *5 (C.D. Cal. Nov. 15, 2010); Waite v. Fin. Recovery Servs., Inc., No. 09-2336, 2010 WL 5209350, at *4-6 (M.D. Fla. Dec. 16, 2010); Meadows v. Franklin Collection Servs., Inc., No. 09-605, 2010 WL 2605048, at *5 (N.D. Ala. June 25, 2010), *overruled by* Meadows v. Franklin Collection Servs., Inc., 414 Fed. App'x 230 (11th Cir. 2011); Katz v. Capital One, No. 09-1059, 2010 WL 1039850 (E.D. Va. March 18, 2010); Shuler v. Ingram & Assoc., No. 08-1238, 2010 WL 1838626 at *3 (N.D. Ala. May 7, 2010).

failed to allege any specific facts beyond the "conclusory statements" that the collector "constantly and continuously" placed collection calls demanding payment, the creditor often called multiple times per week, and the creditor would call from one number but request return calls at a different number.  Id. at *1.  Unlike in McVey, where the plaintiffs merely regurgitated the statute's language in its complaint, Ms. Carr specifically identifies nine (9) calls to her home telephone number from NCO over a roughly thirty (30) day period, and alleges that she received other calls during this period.

Absent controlling case law finding that this call volume definitively does not violate § 1692d(5), the Court finds that Ms. Carr has stated a claim for relief under § 1692d that is plausible on its face and, therefore, denies Defendant's motion to dismiss this claim.

## IV.     CONCLUSION

For the foregoing reasons, the Court concludes that Ms. Carr has adequately pled a plausible claim for relief under the FDCPA.  Accordingly, the Court will deny NCO Financial Systems, Inc.'s Motion to Dismiss.

An appropriate order consistent with this Memorandum follows.

> BY THE COURT:
>
> S/Gene E.K. Pratter
> GENE E.K. PRATTER
> United States District Judge